IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBBIE D. JONES, )<br>)<br>　　Plaintiff, )<br>)<br>　v. )<br>)<br>COMMISSIONER STAN TAYLOR, )<br>WARDEN RICK KEARNEY, )<br>SGT. BARRY BILES, and TEANNA )<br>BANKS, )<br>)<br>　　Defendants. ) | C.A. No. 04-1523-JJF |

**DEFENDANT STAN TAYLOR'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6).**

**STATEMENT OF FACTS**

Robbie Jones ("Plaintiff" or "Jones") is an inmate incarcerated at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware. On December 16, 2004 Plaintiff filed this lawsuit in the United States District Court for the District of Delaware. (D.I. 2). It appears that Plaintiff is alleging an Eighth Amendment violation alleging the use of excessive force. The claim stems from Plaintiff's claim that he was assaulted by defendant Biles, a correctional officer at SCI. (Complaint, Statement of Claim). Plaintiff appears to be alleging that Commissioner Stanly Taylor acted in a supervisory role and that his liability can be found in the theory of *respondeat superior.* (Complaint, Statement of Claim).

**MEMORANDUM OF LAW**

Defendant submits that accepting the allegations in the complaint as true and drawing all reasonable factual inferences in favor of the Plaintiff, the complaint fails to state a claim against Commissioner Taylor. Accordingly, Defendant is entitled to dismissal with prejudice.

I. **DEFENDANT IS ENTITLED TO DISMISSAL BECAUSE THE PLAINTIFF'S COMPLAINT FAILS TO STATE A CLIAM UPON WHICH RELIEF CAN BE GRANTED.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may, upon a party's motion, dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion, the court must accept as true all factual allegations contained in the complaint as well as all reasonable inferences that may be drawn from those allegations, and view them in the light most favorable to the nonmoving party. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id*.

There are three bases supporting Defendant Taylor's argument that no relief can be granted to Plaintiff, and that Commissioner Taylor is entitled to judgment as a matter of law. First, the Plaintiff is apparently basing the liability of Commissioner Taylor on the theory of *respondeat superior* in contradiction to longstanding jurisprudence regarding supervisory liability under 42 *U.S.C.* § 1983. Second, the complaint fails to allege any personal involvement by Commissioner Taylor in the issues raised in Plaintiff's complaint. Third, the Eleventh Amendment immunizes Commissioner Taylor from suit in his official capacity and deprives the District Court of subject matter jurisdiction over Plaintiff's claim.

II. **PLAINTIFF'S COMPLAINT IMPROPERLY PREDICATES DEFENDANTS' ALLEGED 42 U.S. C. § 1983 LIABILITY ON THE THEORY OF *RESPONDEAT SUPERIOR*.**

It appears that Plaintiff, in his complaint, attempts to hold Commissioner Taylor liable based upon based on his role as the Commissioner for the Department of Correction (Complaint,

Statement of Claim). In a complaint filed pursuant to 42 *U.S.C.* § 1983, a supervisory official cannot be held liable under the theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.") The Third Circuit has clearly set forth the standard for establishing liability for supervisory officials. *See Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989). The Court in *Sample* employed the Supreme Court's framework for establishing liability of municipal entities, establishing a similar test for establishing liability of supervisory personnel. *Id.* at 1116-1118; *See also City of Canton v. Harris*, 489 U.S. 378, 388 (1989), *Wilson v. Seiter*, 501 U.S. 294 (1991). *Sample* states that "a 'person' is not the 'moving force [behind] the constitutional violation' of a subordinate, unless that 'person' . . . has exhibited deliberate indifference to the plight of the person deprived." *Sample,* 885 F.2d at 1118 (citations omitted). To successfully plead and establish "deliberate indifference," Plaintiff must prove both an objective and a subjective component. The subjective component requires a showing that Defendant acted with a culpable state of mind; the objective component requires establishing a serious deprivation which clearly rises to the level of a constitutional right. *Wilson v. Seiter*, 501 U.S. at 298. Moreover, Defendant cannot be held liable on the basis of a failure to adequately supervise or control the conduct of subordinates. *Anela v. City of Wildwood*, 790 F.2d 1063, 1068 (3d Cir. 1986), *cert. denied* 479 U.S. 949 (1987), *citing Fisher v. Washington Metropolitan Transit Authority*, 690 F.2d 1133, 1142-1143 (4th Cir. 1982). Rather, Plaintiff must: 1) identify with particularity what the *supervisory official* failed to do which amounts to deliberate indifference; and 2) demonstrate a close causal connection between the identified deficiency and the ultimate injury. *Pennsylvania v. Porter*, 659 F.2d at 336. In this case Plaintiff has failed to identify with

any particularity what Commissioner Taylor may have done that amounts to deliberate indifference. Plaintiff simply states that "[i]t is the responsibility of defendants Taylor and Kearney to provide necessary training, but [sic] also be aware if psychologically fit for position." Plaintiff appears to be claiming that in some unspecified manner Commissioner Taylor failed to supervise the conduct of the correctional officers. However, as the Third Circuit Court of Appeals held in *Anela*, without the participation of the supervisory official in the events, he cannot be held liable for the conduct of others. *Anela*, 790 F.2d at 1068, *citing Fisher v. Washington Metropolitan Area Transit Authority,* 690 F.2d 1133, 1142(4th Cir.1982). Plaintiff must also show a causal connection between the alleged deficiency and the injury. In his complaint Plaintiff alleges only that Commissioner Taylor has a responsibility to provide necessary training. Plaintiff's allegation does not provide the causal link required to show liability under the doctrine of *respondeate superior*. Plaintiff has failed to establish either element for any of his claims; therefore, dismissal in favor of Commissioner Taylor is appropriate.

**III.   PLAINTIFF'S COMPLAINT FAILS TO ALLEGE ANY PERSONAL INVOLVEMENT OF DEFENDANTS IN THE ISSUES RAISED IN PLAINTIFF'S COMPLAINT.**

Plaintiff's complaint fails to indicate any personal involvement by Commissioner Taylor. In actions brought pursuant to 42 *U.S.C.* § 1983, an individual cannot be held liable in the absence of personal involvement or knowing acquiescence of the alleged deprivation. *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981) *cert. denied,* 458 U.S. 1121 (1982). "[T]he officials' misconduct cannot be merely a failure to act. Such officials must have played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct." *Id.*

Without identifying how he participated in, personally directed, or acquiesced in the events which he claims deprived him of constitutional rights, Commissioner Taylor cannot be held liable and dismissal is appropriate. *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). To show "deliberate indifference," a plaintiff must demonstrate a sufficiently culpable state of mind on the part of the defendant. *See, e.g., Farmer v. Brennan,* 511 U.S. 825, 828 (1994).

Plaintiff's complaint fails to allege any affirmative act or failure to act by Commissioner Taylor. There is no allegation that Commissioner Taylor had any personal knowledge of or involvement in the alleged assault. Accordingly, the Plaintiff's complaint against Commissioner Taylor should be dismissed because the Plaintiff fails to allege any personal involvement by Commissioner Taylor in any of the allegations stated in the complaint.

**IV.    THE ELEVENTH AMENDMENT IMMUNIZES DEFENDANT FROM SUIT IN HIS OFFICIAL CAPACITY.**

The Plaintiff's complaint arguably names the Commissioner Taylor in his official capacity. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." While the Amendment does not facially bar suits against the State by its citizens, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). "The Eleventh Amendment limits federal judicial power to

entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." *Neeley v. Samis*, 183 F. Supp. 2d 672, 678 (D. Del. 2002) (*quoting Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984)). The United States Congress can abrogate a state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive the states' immunity will produce this result. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). No such clear intent can be seen in 42 *U.S.C.* §1983. In fact, a review of the statute demonstrates that Congress did not intend to waive the states' immunity. The statute facially allows suits only to be brought against "persons." 42 *U.S.C.* §1983. Neither the State of Delaware, nor agencies or officials of the State of Delaware are "persons" as contemplated by 42 *U.S.C.* § 1983.

A suit against state officials in their official capacities is treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21 (1991). Under federal law, the Defendants in their official capacities are not "persons" for the purposes of 42 *U.S.C.* § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Consequently, given this categorization, this Court lacks jurisdiction over the Defendants in their official capacities, and Defendants are outside the class of persons subject to liability under 42 *U.S.C.* § 1983. Accordingly, the Plaintiff's "official capacity" claims against Defendants should be dismissed based on the Eleventh Amendment to the United States Constitution.

## CONCLUSION

For the reasons stated above, Defendant Taylor respectfully requests that this Court enter an order dismissing Plaintiff's complaint with prejudice.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

                                      /s/ Lisa Barchi
                                      Lisa Barchi  #3927
                                      Deputy Attorney General
                                      Carvel State Office Building
                                      820 N.  French Street, 6th floor
                                      Wilmington, DE 19801
                                      (302) 577-8400
                                      lisa.barch@state.de.us

Date:  June 14, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2006, I electronically filed *Memorandum of Points and Authorities in Support of Defendant Taylor's Motion to Dismiss* with the Clerk of Court using CM/ECF. I hereby certify that on June 14, 2006, I have mailed by United States Postal Service, the document to the following non-registered participants:

Robbie D. Jones, Inmate
SBI # 313356
Sussex Correctional Institution
Post Office Box 500
Georgetown, DE 19947

/s/ Lisa Barchi
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us