IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBBIE D. JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-1523-JJF |
| COMMISSIONER STAN TAYLOR, et al., | : |
| Defendants. | : |

Robbie D. Jones, Pro se Plaintiff.

Stacey Xarhoulakos, Esquire, Deputy Attorney General, Delaware Department of Justice.
Attorney for Defendants.

**MEMORANDUM OPINION**

December 7, 2006
Wilmington, Delaware

**Farnan, District Judge**

Presently before the Court is Defendant Stan Taylor's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) And 12(b)(6) with supporting memorandum (D.I. 17, 18). Plaintiff, Robbie D. Jones, did not respond to the motion. For the reasons set forth below, the Court will deny in part and grant in part the Motion To Dismiss.

## I. BACKGROUND

Plaintiff Robbie D. Jones, an inmate housed at the Sussex Correctional Institute ("SCI"), filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2.) The Complaint alleges a violation of Plaintiff's Eighth Amendment rights as a result of excessive force by Defendant Sgt. Biles ("Sgt. Biles") and the failure to protect by Defendant C/O Teanna Banks. Plaintiff alleges that Sgt. Biles has been involved in a number of assaults on inmates at SCI. Plaintiff alleges that Defendant Commissioner Stan Taylor ("Commissioner Taylor") has not provided sufficient training for Sgt. Biles and that Commissioner Taylor was unaware if Sgt. Biles was psychologically fit to hold his position.

Commissioner Taylor moves for dismissal of the claims against him on the basis that the complaint fails to state a claim upon which relief may be granted. More particularly, he argues that the allegations against him are based upon a

respondeat superior theory, the Complaint fails to allege any personal involvement on his behalf, and the Eleventh Amendment provides him immunity from monetary claims brought against him in his official capacity.

## II. DISCUSSION

### A. Standard of Law

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). To that end, the Court assumes that all factual allegations in Plaintiffs' pleading are true, and draws all reasonable factual inferences in the light most favorable to Plaintiffs. Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004). However, the Court should reject "unsupported allegations," "bald assertions," or "legal conclusions." Id. A Rule 12(b)(6) motion should be granted to dismiss a pro se complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### B.   Respondeat Superior/Personal Involvement

Commissioner Taylor is correct in his argument that he cannot be held liable on the basis of respondeat superior. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

Commissioner Taylor also argues that he cannot be held liable on the basis of a failure to adequately supervise or control the conduct of subordinates. Defendant contends that Plaintiff failed to identify with particularity what he may have done that amounts to deliberate indifference. Commissioner Taylor also argues that Plaintiff appears to claim in some unspecified manner that he failed to supervise the conduct of the correctional officers. Finally, Commissioner Taylor argues that Plaintiff failed to show a causal connection between the alleged deficiency and the injury.

When dealing with supervisory defendants, as opposed to defendants who have direct knowledge of a serious threat to inmate safety, the standard for deliberate indifference is not the "actual knowledge" standard required in Farmer. See Beers-Capitol v. Whetzel, 256 F.3d 120, 135 (3d Cir. 2001). To succeed on a claim against supervisors based on prison policy or

-3-

practices, Plaintiff must identify a specific policy or practice that the supervisor failed to employ and he must show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice. Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989).

Plaintiff alleges that Commissioner Taylor failed to properly train and supervise Defendants Biles and Banks in dealing with inmates. He further alleges that Sgt. Biles was involved in a number of assaults on inmates at SCI, yet Commissioner Taylor was unaware of Defendant Biles' psychological makeup to determine if he Sgt. Biles was fit to hold his position. Although Plaintiff has not met all the prongs of the Sample test, there are sufficient allegations to permit further development of the record. See Carter v. City of Philadelphia, 181 F.3d 339, 358 (3d. Cir. 1999) (reversing district court's dismissal of plaintiff's claim because requiring plaintiff to identify a policy and attribute it to a supervisor at the discovery stage would be "unduly harsh.").

Defendant also argues that the Complaint fails to adequately allege his personal involvement. Personal involvement by a

defendant is essential in a civil rights action. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "Allegations of personal direction or of actual knowledge and acquiescence" are adequate to demonstrate personal involvement. Rode, 845 F.2d at 1209. The Complaint alleges that Sgt. Biles has been involved in a number of assaults on inmates at SCI and in the next sentence alleges that Defendant Commissioner Taylor has the responsibility to provide necessary training. The Court acknowledges that the complaint is inartfully pled. The Court, however, must liberally construe the complaint, and in doing so concludes that, while slight, Plaintiff has adequately alleged adequate personal involvement on behalf of Defendant Commissioner Taylor. Therefore, the Court concludes that Plaintiff has stated a cognizable claim upon which relief may be granted against Defendant Commissioner Taylor, and will deny the Motion to Dismiss upon that basis.

### C. Eleventh Amendment Sovereign Immunity

Defendant correctly argues that the doctrine of sovereign immunity bars suits for monetary damages against state employees in their "official capacities," absent waiver or Congressional override. Kentucky v. Graham, 473 U.S. 159, 169 (1985). There is no evidence that § 1983 intended to effect a Congressional

override of state sovereign immunity. The statute has been held not to "provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). § 1983 authorizes suits against "persons," and a suit against a state official is "no different than a suit against a state itself." Id. at 71. "The state itself [is not] a person that Congress intended to be subject to liability." Id. at 68. Also, there is no indication that the State of Delaware has waived or abrogated its sovereign immunity with respect to § 1983 claims. Therefore, the Court will grant the Motion To Dismiss and dismiss the official capacity claims seeking monetary damages raised against Defendant Commissioner Taylor.

## III. CONCLUSION

Accordingly, the Court will grant in part and deny in part Defendant Stan Taylor's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) And 12(b). The Court will dismiss all claims for monetary damages against Defendant Commissioner Taylor in his official capacity. The remaining claims against Defendant Commissioner Taylor remain viable. An appropriate Order will be entered.